**Morgan & Morgan Philadelphia, PLLC**
2005 Market Street
Suite 350
Philadelphia, PA  19103
(267)780-2978
(267)780-2913 (FAX)
bscatton@forthepeople.com

**Barry Scatton, Esq.**
PA ID# 324200

| | |
|---|---|
| **GWEN CRANDELL**<br>724 Weaver Street Ext.<br>Clearfield, PA 16830<br>　　　　　　　　Plaintiff<br><br>　　　v.<br><br>**ALLSTATE INSURANCE COMPANY**<br>2775 Sanders Road<br>Northbrook, IL 60062<br>　　　　　　　　Defendant. | IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA<br><br>CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED<br><br>3:22-CV-159 |

## COMPLAINT

AND NOW COMES the Plaintiff Gwen Crandell by and through her counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendant, and in support thereof avers as follows:

### PARTIES

1. The Plaintiff, Gwen Crandell (hereinafter the "Plaintiff"), is an adult individual who resides at 724 Weaver Street Ext., Clearfield, PA 16830.

2. The Defendant, Allstate Insurance Company (hereinafter "Allstate") is licensed and authorized to conduct business as an insurance company in the State of Pennsylvania.

3. Allstate's principal place of business is 2775 Sanders Road, Northbrook, IL 60062.

4. At all relevant times hereto, Allstate conducted and continues to conduct actual business in Clearfield County, Pennsylvania.

### JURISDICTION

5. This Honorable Court has jurisdiction pursuant to 28 U.S.C. 1332 as the Plaintiff is a citizen of Pennsylvania and Allstate's principal place of business in in Illinois and the amount in controversy exceeds $150,000

## FACTUAL BACKGROUND

6. On January 4, 2022, at approximately 2:43 p.m. the Plaintiff was lawfully, within the crosswalk, crossing at the intersection of Market Street and Front Street in Clearfield, PA.

7. At the same date and time, Ms. Barbara Mumford (hereinafter "Ms. Mumford") was traveling eastbound on Market Street.

8. Suddenly and without warning, Ms. Mumford made a left hand turn onto Front Street violently striking the Plaintiff.

9. The force of the impact launched the pedestrian Plaintiff into the air.

10. The Plaintiff came to rest on the roadway.

11. The above was captured on video and shared with Allstate for their evaluation and consideration.

12. Due to the force of the impact, the Plaintiff sustained injuries to her leg, back, elbow and knee.

13. As a direct and proximate cause of the negligence of Ms. Mumford, the Plaintiff sustained: a fractured tibia, shattered knee cap, bruising and scarring, hemarthrosis, elbow injury and lumbar radiculopathy.

14. The Plaintiff was taken from the scene of the crash to Penn Highlands – Clearfield Hospital.

15. Following release from the hospital, the Plaintiff began treatment with an orthopedic surgeon, a physical therapist, and her primary care doctor.

16. For nine and a half weeks the Plaintiff was confirmed to a wheelchair, slowly graduated to a walker, and then is required to use a cane and/or walking stick to ambulate.

17. On June 13, 2022, Plaintiff's treating orthopedic surgeon opined that the Plaintiff will likely need a total knee arthroplasty causally related to the January 4, 2022 incident.

18. A copy of the above mentioned June 13, 2022 correspondence was provided to Allstate for its consideration and evaluation.

19. The Plaintiff is still actively treating with her orthopedic surgeon and her primary care doctor.

20. The Plaintiff is currently scheduled for a total knee arthroplasty on November 3, 2022 which is casually related to the January 4, 2022 incident.

21. At all times relevant hereto, the Plaintiff was provided underinsured motorist coverage with Allstate.

## INSURANCE FACTUAL HISTORY

22. Plaintiff, and her husband Robert, at all relevant times hereto was insured under Allstate policy number 008 502 848 (hereinafter "the policy"). Said policy is within the possession of the Defendant Allstate.

23. Plaintiff, at all times relevant hereto, had elected stacked "Underinsured Motorist" (hereinafter UIM) coverage.

24. Plaintiff, at all times relevant hereto, had elected $100,000 each person / $300,000 each occurrence, stacked coverage with two (2) vehicles on the policy.

25. The total UIM coverage available to the Plaintiff was at all times relevant hereto was $200,000.00.

26. Allstate failed to fairly evaluate the Plaintiff's claim even though the Plaintiff is undergoing intrusive surgery.

27. Allstate failed to fairly evaluate the Plaintiff's claim even though the Plaintiff is still actively treating.

28. Allstate failed to fairly evaluate the Plaintiff's claim even though the Plaintiff has suffered serious, permanent, and painful injuries.

29. Allstate failed to fairly evaluate the Plaintiff's claim with knowledge that the Plaintiff's everyday life has been seriously hindered as a result of this violent pedestrian versus motor vehicle crash including but not limited to: her ability to no longer participate in her volunteer work, her ability to no longer teach exercise classes at the local YMCA, and unable to compete in local 5K races as she previously had.

30. Allstate failed to fairly evaluate the Plaintiff's claims.

31. By failing to tender the policy limits, Allstate has acted purely in their own financial interests without taking into account the interests of their insured, Gwen Crandell.

32. Allstate failed to process Plaintiff's UIM claim promptly, fairly, and accurately.

33. Allstate refused to offer the policy limits solely as a negotiation tactic, rather than anything related to the actual value of this case.

## COUNT I
## BREACH OF CONTRACT
## <u>GWEN CRANDELL v. ALLSTATE</u>

34. The preceding paragraphs are incorporated herein by reference as if fully set forth above.

35. At the time of the collision, the Plaintiff had a car insurance policy through Allstate. Said policy is in the possession of Allstate.

36. At all relevant times, the Plaintiff complied with the terms, conditions and duties required under her the Allstate policy.

37. Allstate has failed to objectively and reasonably evaluate the claim.

38. Allstate failed to promptly offer payment of the reasonable and fair value of the UIM claim to the Plaintiff.

39. Allstate failed to reasonably investigate the Plaintiff's claims inasmuch as a thorough and proper inquiry would have revealed that she sustained injuries, damages and losses which reasonable compensation would have required an offer of the policy limits.

40. As the insurer of the Plaintiff, Allstate owes a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the UIM claim in good faith and to arrive at a prompt, fair and equitable settlement.

41. For the reasons set forth above, Allstate violated its obligations under the Policy.

**WHEREFORE**, the Plaintiff Gwen Crandell, respectfully requests this Honorable Court enter a judgment in her favor together with compensatory damages, cost of suit, attorney's fees and such other relief as this Honorable Court deems just and proper.

                                        Respectfully submitted,

                                        MORGAN & MORGAN PHILADELPHIA, PLLC

                    BY:    /s/ Barry Scatton
                               BARRY SCATTON, ESQUIRE
                               *Counsel for the Plaintiff*